**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daniel E. Schall, Appellant,

v.

Lori M. Sealy, as Personal Representative for the Estate of Claude L. Mullwee a/k/a Claude Lee Mulwee, and the Estate of Deloris Robinson Mulwee, Respondent.

Appellate Case No. 2023-001861

―――――――――

Appeal From Spartanburg County
Shannon Metz Phillips, Master-In-Equity

―――――――――

Unpublished Opinion No. 2026-UP-310
Submitted June 1, 2026 – Filed June 24, 2026

―――――――――

**AFFIRMED**

―――――――――

A. Todd Darwin, of Holcombe Bomar, PA, of Spartanburg; and Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville, both for Appellant.

Ryan Frederick McCarty, of Killoren, Kissinger, Dantin, Denton & Dunham, P.C., of Spartanburg, for Respondent.

―――――――――

**PER CURIAM:** Daniel E. Schall (Buyer) appeals the master-in-equity's order finding a real estate contract between himself and Lori M. Sealy, as personal representative for the estates of Claude L. Mullwee a/k/a Claude Lee Mulwee and Deloris Robinson Mulwee (Seller), had been validly terminated and denying his requests for specific performance and damages. On appeal, Buyer argues the master erred by (1) finding Seller properly terminated the contract and failing to award specific performance to Buyer and (2) failing to award special damages and attorney's fees and costs to Buyer. We affirm pursuant to Rule 220(b), SCACR.

We hold the master did not err in finding Seller validly terminated the parties' contract pursuant to the casualty clause. *See Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004) ("An action for breach of contract is an action at law."); *Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 562, 772 S.E.2d 882, 887 (Ct. App. 2015) ("When reviewing a master-in-equity's judgment made in an action at law, 'the appellate court will not disturb the master's findings of fact unless the findings are found to be without evidence reasonably supporting them.'" (quoting *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 590, 658 S.E.2d 539, 542 (Ct. App. 2008))); *id.* ("Nevertheless, the 'reviewing court is free to decide questions of law with no particular deference to the [master].'" (quoting *Silver*, 376 S.C. at 590, 658 S.E.2d at 542)). The contract permitted termination if "the Property [was] damaged wholly or partially by fire or other casualty prior to Closing" and although the term "casualty" is not defined in the contract, neither party argued it was ambiguous. *See Bardsley v. Gov't Emps. Ins. Co.*, 405 S.C. 68, 76, 747 S.E.2d 436, 440 (2013) ("[A] provision . . . is not ambiguous merely because its terms are undefined . . . . It is a well-settled principle of contract interpretation that absent a contractual definition to the contrary, contract language is given its ordinary and plain meaning."); *Casualty*, Black's Law Dictionary (12th ed. 2024) (defining "casualty" as "[a] chance occurrence having unfortunate consequences" or "[a] person or thing that has been harmed, lost, or destroyed"). The record supports the master's finding that Buyer represented the property had sustained significant and unexpected damage after the parties entered the contract. In his April 23, 2018 email, Buyer asserted vegetation had been removed from the Property, additional damage had occurred to a building, and trash had been scattered throughout the structures, and he communicated he would not close until the issues were addressed. Buyer later described the vegetation as "heirloom plants," asserting their removal affected the beauty and value of the Property and sought concessions relating to the alleged losses. Under these circumstances, we hold the master did not err in concluding that the alleged conditions constituted casualties within the plain and ordinary meaning of the term.

We also hold the master's finding that Seller timely terminated the contract is supported by the record. *See Bluffton Towne Ctr., LLC*, 412 S.C. at 562, 772 S.E.2d at 887 ("When reviewing a master-in-equity's judgment made in an action at law, 'the appellate court will not disturb the master's findings of fact unless the findings are found to be without evidence reasonably supporting them.'" (quoting *Silver*, 376 S.C. at 590, 658 S.E.2d at 542)). Buyer's email dated April 23, 2018, constituted notice of the alleged damage, and Seller delivered written notice of termination on April 28, 2018, within the contractual five-business-day period.

Because we hold that Seller timely and properly terminated the contract pursuant to the casualty clause, we need not address Buyer's arguments regarding entitlement to specific performance, damages, and attorney's fees and costs. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.